# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 12-851V

Filed: October 24, 2013

Not for Publication

************************************

CASSANDRA S. MULARCZYK,     *
as parent and legal representative of her     *
minor daughter, MEGAN M.     *
MULARCZYK,     *
    *
         Petitioner,     *       Damages decision based on stipulation;
    *       DTaP; MMR; thrombocytopenic purpura
 v.     *
    *
SECRETARY OF HEALTH     *
AND HUMAN SERVICES,     *
    *
         Respondent.     *
    *

************************************

Elizabeth M. Muldowney, Richmond, VA, for petitioner.
Julia W. McInerny, Washington, DC, for respondent.


**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On October 23, 2013, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges Megan suffered thrombocytopenic purpura that was caused by her January 27, 2010 receipt of diphtheria-tetanus-acellular-pertussis ("DTaP") and measles-mumps-rubella ("MMR") vaccines.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

Megan's condition satisfied the definition of thrombocytopenic purpura included in the Table's Qualifications and Aids to Interpretation (42 CFR 100.3(b)(8)), and its onset was within the time period set forth in the Table. Megan suffered the residual effects of her thrombocytopenic purpura for more than six months after her vaccinations. There is not a preponderance of the evidence demonstrating that Megan's condition is due to a factor unrelated to her January 27, 2010 DTaP and MMR immunizations. Accordingly, Megan is entitled to compensation under the terms of the Vaccine Program.

The undersigned finds the terms of the stipulation to be reasonable. The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein. Pursuant to the stipulation, the court awards:

a. a lump sum of **$5,947.47**, representing reimbursement of the State of Michigan's Medicaid lien. The award shall be in the form of a check for **$5,947.47** made payable jointly to petitioner and

> First Recovery Group, LLC
> ATTN: David Glenn
> 26899 Northwestern Hwy.
> Suite 250
> Southfield, MI 48033

Petitioner agrees to endorse this check to First Recovery Group, LLC; and

b. a lump sum of **$80,000.00**, representing compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a). The award shall be in the form of a check for **$80,000.00** made payable to petitioner, as guardian and conservator of the estate of Megan M. Mularczyk.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>October 24, 2013</u>                                     s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

2

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

CASSANDRA S. MULARCZYK, as parent )
and Legal Representative of her Minor )
Daughter, MEGAN M. MULARCZYK, )
                                )
      Petitioner, )
                                )
      v. )
                                )
SECRETARY OF HEALTH AND HUMAN )
SERVICES, )
                                )
      Respondent. )

ECF
No. 12-851V
Special Master Millman

## STIPULATION

The parties hereby stipulate to the following matters:

1. Cassandra S. Mularczyk, ("petitioner"), Parent and Legal Representative of Her Minor Daughter, Megan M. Mularczyk ("Megan"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Megan's receipt of diphtheria-tetanus-acellular-pertussis ("DTaP") and measles-mumps-rubella ("MMR") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Megan received her DTaP and MMR vaccines on January 27, 2010.

3. The vaccines were administered within the United States.

4. Megan sustained the first symptom or manifestation of the onset of thrombocytopenic purpura within the time period set forth in the Table and her condition satisfied the definition of thrombocytopenic purpura included in the Table's Qualifications and Aids to Interpretation (42

CFR 100.3(b)(8)). Moreover, she developed sequela of her Table injury.

5. Megan suffered the residual effects or complications of her thrombocytopenic purpura for more than six months after her vaccinations.

6. There is not a preponderance of the evidence demonstrating that Megan's condition is due to a factor unrelated to her January 27, 2010 DTaP and MMR immunizations.

7. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of Megan's condition.

8. Accordingly, Megan is entitled to compensation under the terms of the Vaccine Program. Therefore, a decision should be entered awarding the compensation described in paragraph 9 of this Stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

a. A lump sum of $5,947.47, for reimbursement of the State of Michigan's Medicaid Lien, in the form of a check payable jointly to petitioner and

> First Recovery Group, LLC
> Attn.: David Glenn
> 26899 Northwestern Hwy.
> Suite 250
> Southfield, MI 48033

Petitioner agrees to endorse this payment to First Recovery Group, LLC.

b. A lump sum of $80,000.00 in the form of a check payable to petitioner, as guardian or conservator of the estate of Megan M. Mularczyk.

This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

2

10. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

11. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

12. Payment made pursuant to paragraph 9 of this Stipulation and any amounts awarded pursuant to paragraph 10 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of Megan M. Mularczyk as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Megan's estate under the laws of the State of Michigan. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of Megan's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as

3

guardian/conservator of the estate of Megan M. Mularczyk at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Megan M. Mularczyk upon submission of written documentation of such appointment to the Secretary.

15. In return for the payments described in paragraphs 10 and 11, petitioner, in her individual capacity and as legal representative of Megan, on behalf of herself, Megan, and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Megan resulting from, or alleged to have resulted from, the DTaP and MMR vaccinations administered on January 27, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about December 10, 2012, in the United States Court of Federal Claims as petition No. 12-851V.

16. If Megan should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

17. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

4

settlement and this Stipulation shall be voidable at the sole discretion of either party.

18. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 10 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Megan M. Mularczyk.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

5

Respectfully submitted,

PETITIONER:

_Cassandra S. Mularczyk_
CASSANDRA S. MULARCZYK

ATTORNEY OF RECORD FOR
PETITIONER:

_Elizabeth M. Muldowney_
ELIZABETH MULDOWNEY
Rawls, McNelis + Mitchell
211 Rocketts Way
Suite 100 .
Richmond, VA 23231
(804) 622-0676


AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_Vito Caserta_
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: __10/23/13__

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Vincent J. Matanoski_
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146


ATTORNEY OF RECORD FOR
RESPONDENT:

_Julia W. McInerny_
JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-3919

6